IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BOBBI SATTERLEY, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIEBROCK & LIEBROCK LOGISTICS LLC,<br><br>Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT FOR
<u>VIOLATIONS OF THE FAIR LABOR STANDARDS ACT</u>**

Plaintiff Bobbi Satterley, individually and on behalf of all others similarly situated, brings this collective action for violations of the Fair Labor Standards Act ("FLSA") against Defendant Liebrock & Liebrock Logistics LLC ("Defendant") and states as follows:

**<u>JURISDICTION AND VENUE</u>**

1.

This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. Section 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. Section 201, *et seq*.

1

2.

Venue is proper in this District, pursuant to 28 U.S.C. Section 1391, because the Defendant resides in this District with principal offices located in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

3.

Plaintiff Bobbi Satterley is a resident of the State of Georgia and over the age of 18.

4.

Plaintiff Bobbi Satterley began her employment with Defendant on or about June 25, 2020, and worked until July 18, 2020 ("relevant time period").

5.

Defendant is a domestic limited liability company with its principal place of business in Sugar Hill, GA.

6.

Defendant is subject to the jurisdiction of the FLSA, as it is engaged in interstate commerce and had earnings exceeding $500,000 in the prior three (3) years.

7.

Defendant may be served with with legal process through its corporate registered agent, Legalinc Corporate Services Inc., located at 1870 The Exchange, Suite 200 #44, Atlanta, GA 30339.

8.

Plaintiff and those similarly situated are current and former employees of Defendant within the meaning of the FLSA, and Defendant employed them within three (3) years of the date this Complaint was filed.

## FACTUAL ALLEGATIONS

9.

Defendant employs drivers to provide delivery services to its third-party clients, such as Amazon.

10.

Defendant employs between 50-100 drivers in this capacity.

11.

At all times relevant to this Complaint, Plaintiff and those similarly situated, worked for Defendant as drivers from within Defendant's office in Sugar Hill, Georgia.

12.

Plaintiff and those similarly situated worked on an hourly basis.

13.

Plaintiff and those similarly situated worked over forty (40) hours routinely and with Defendant's knowledge and behest throughout their employment with Defendant.

14.

Plaintiff and those similarly situated were not paid for all hours worked over forty (40) in a given work-week.

15.

Plaintiff and those similarly situated were paid their hourly rate for forty (40) hours works, regardless of how many more hours they had actually worked.

16.

Plaintiff was told that drivers did not take breaks.

17.

Plaintiff was asked to initial documents indicating that she had taken a break, despite not having taken a break.

18.

When Plaintiff asked why she had to do so when she was not allowed to take a break, she was told that if she wanted to get paid, she would just do it.

19.

Plaintiff was instructed to use a bottle in the truck if she needed to use the restroom.

20.

On or about July 16, 2020, Plaintiff was approached by Manager Kareem Goines while out on her route.

21.

Mr. Goines asked her what she was doing, and Plaintiff stated that she was going to take break.  Mr. Goines told her no, she had packages to deliver, and to keep it moving.

22.

On or about July 17, 2020, Plaintiff called Eli Tate, who was a manager and the owner's nephew, about not being able to take a break.

23.

The phones that the drivers were provided had a preset reminder that comes on to remind them when it was time to take their breaks.

24.

Mr. Tate's response was that Plaintiff did not "have the luxury" of taking breaks, and to just keep it moving and hit the dismiss button on the reminder.

25.

During the entire time Plaintiff and those similarly situated worked for Defendant, Defendant knew that the drivers were working overtime without being compensated and/or that their time was being shaved by the company.

26.

Defendant's managers readily observed Plaintiff and those similarly situated working overtime.

27.

Furthermore, Defendant falsified Plaintiff's time records to indicate she was on break during times she was working.

## COLLECTIVE ACTION ALLEGATIONS

28.

Plaintiff submits that there are others, similarly situated to herself, who were denied overtime wages.

29.

Upon information and belief, the class size during the relevant class period is upwards of 50-100 employees.

30.

Plaintiff, and all other similarly situated drivers provide delivery services to Defendant's clients, such as Amazon, but do not routinely cross state lines.

31.

The drivers do not meet or satisfy any exemption under the FLSA and are entitled to overtime wages or a premium for all hours worked.

32.

Upon information and belief, Defendant has engaged in time-shaving practices for all of its employees, and does not pay its drivers for all hours worked.

33.

Drivers do not have decision making authority.

34.

Plaintiff brings this suit on behalf of herself and all others similarly situated and propose the following collective description:

All persons who perform(ed) work for Defendant as drivers at any of its offices in Georgia at any time within three (3) years of the filing of

this Complaint or who are currently employed by Defendant.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

35.

Plaintiff re-alleges and incorporates by reference paragraphs 9-34 as if fully set forth herein.

36.

The FLSA requires employers to pay employees wages at a rate no less than one-and-a-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in individual work weeks. 19 U.S.C. § 207.

37.

Defendant is an "employer" of Plaintiff and those similarly situated within the meaning of the FLSA.

38.

Defendant is an "enterprise" as defined by the FLSA and engaged in interstate commerce.

39.

Plaintiff and those similarly situated worked more than forty (40) hours in the workweeks going back three (3) years from the filing of this Complaint and did

not receive compensation for all hours worked and/or did not receive overtime compensation for all of the overtime hours worked.

40.

Plaintiff and those similarly situated are not exempt employees under the FLSA or other Federal rules and regulations.

41.

Defendant has willfully violated the FLSA and is liable for wages for a three (3) year period of time preceding the filing of this complaint.  Defendant has known for the past three years that the drivers were non-exempt employees, and continued refuse to compensate Plaintiff and the class of similarly situated for overtime hours worked.

42.

Defendant did not make a good faith effort to comply with the FLSA and owes Plaintiff and those similarly situated liquidated damages and an equal sum of all wages owed.

43.

Defendant knew that the Plaintiff and those similarly situated were working through breaks and overtime, and willfully refused to pay Plaintiff and all similarly situated drivers compensations for all hours worked.

44.

Defendant also has failed to pay overtime at the proper rate of one and one half time the employees' regular rate of pay for every hour over forty (40) worked in a week.

45.

Defendant has also violated the record keeping provision of the FLSA, 29 CFR 516.2, which mandates that an Employer accurately record and track the hours of non-exempt employees.

46.

Because of these unlawful pay practices, which have continued in the past three years up through the present, Plaintiff and those similarly situated have suffered lost wages and damages.

WHEREFORE, Plaintiff and those similarly situated request from this Court:

    a.    An order certifying this as a collective action;

    b.    Appointment of the Plaintiff as class representative;

    c.    Appointment of the undersigned as attorney of record for the collective class;

    d.    Authorization for the issuance of a notice to all similarly situated former and current drivers of Defendant that apprise the putative class and notify them of the pendency of this action and provides them with the opportunity to assert timely FLSA claims by the filing of individual consent to join forms;

    e.    Judgement finding Plaintiff and those similarly situated are entitled to overtime pay at one and a half times their regular rate;

    f.    Judgement against the Defendant finding they violated the FLSA;

    g.    Judgement against the Defendant finding they acted willfully and in bad faith;

    h.    Award of monetary damages for unpaid wages;

    i.    Award of monetary damages for liquidated damages under the FLSA;

    j.    Special award to Plaintiff for service as the class representative;

    k.    Award of reasonable attorneys' fees, costs, and expenses; and

    l.    Such other equitable or legal relief the Court should deem necessary and just including the entry of an Injunction barring the Defendant from continuing to violate the FLSA by failing to pay overtime wages to its drivers.

Respectfully submitted this 2nd day of March, 2021.

                                    **BARRETT & FARAHANY**

                                    /s/ *Adian R. Miller*
                                    Adian R. Miller
                                    Georgia Bar No. 794647

                                    *Attorneys for Plaintiff Bobbi Satterley*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
adian@justiceatwork.com